We'll move to the third and final case of the day, Dunham-Zemberi v. Lincoln Life Assurance Company, 22-13316. Mr. Dawson here for the appellant. Mr. Marcus here for the appellee. Mr. Dawson, whenever you're ready, no hurry. Thank you, Your Honor. May it please the Court, Jerry Dawson on behalf of the appellant. The central issue in this case is whether a preponderance of the evidence establishes Mr. Dunham's inability to lift up to 50 pounds. Has his occupation undisputedly required? Because the standard of review here is de novo, this court conducts its own independent review of the evidence and reaches its own independent determination of whether Mr. Dunham could lift 50 pounds. So counsel, if I can jump in for a second. Here's what I think this case is really about. And please tell me if I'm wrong, but I'll lay out my thoughts on this for you. What you just said is exactly right regarding the standard of review. But overlaid to that is the procedure by which this is done. And the question that I have is, here it seems to me that the district court weighed evidence in a particular way. You certainly presented some evidence in the record. They presented evidence in the record. The district court weighed some of that and said, I think this is entitled to little or no weight. This is entitled to a lot of weight. And so I credit this and do not credit this. And think the determination below was not wrong. We could do the same thing. But because this is in summary judgment, and I've looked at every one of our cases on this, it seems to me that where the summary judgment rules still apply in this context and where we're making credibility findings, in other words, finding someone more credible or someone less credible, we're outside of summary judgment and really in the context of a bench trial or a fact-finding function. And where that's the case, and where we had cases in the past, post-Firestone, applying de novo review, where there's been genuine issues of dispute, it seems to me that we reverse those, send it back for the district court to have a bench trial, and then to do what it did here, which is hear one side's evidence, hear another side's evidence, review the administrative record and the medical records, and make findings. And then we would get to do the same thing. Do I have any of that wrong? Well, I don't think so, Lamar. I don't think it's a bench trial. There were some that were already been held on administrative record, but... No bench trial was held here. Everyone agrees to that. It's a summary judgment. You guys filed cross motions for summary judgment, right? Am I wrong to say that in ERISA, as everywhere else, our case law says that we apply Rule 56, and if there are genuine issues of material fact regarding disability, we would send that back for the district court to then have a trial of some sort, make findings, and then send that back to us. Is that the proper procedure if we find that there are genuine issues here? In an ERISA case, Your Honor, the summary judgment rules are somewhat different. There's many cases that hold that in the ERISA disability context or other ERISA contexts, if the record will often reveal disputed issues. There may be evidence weighing in favor of disability on one side and evidence weighing against it on the other. Right, like this record. But those... Well, I would contend there's no evidence weighing against disability. Well, we could talk about that, but assume for the moment I think that there is conflicting evidence. Okay, Your Honor. The existence of conflicting evidence does not create a genuine issue of material fact, such as would preclude summary judgment. Can you tell me which case... I'm sorry to interrupt. Can you tell me which case says that? What authority do you have for that, that somehow Rule 56 is different? I know some circuits have said it. Show me where we have said that that's the case, what you've just said. I don't have an Eleventh Circuit citation to that effect, Your Honor. Many courts have indeed held that, and the Eleventh Circuit has not held to the contrary. We can talk about this. I don't want to put you on the spot for cases that you aren't prepared to discuss, but it sure seems to me that post Firestone, we have applied summary judgment and even reversed whether genuine issues of material fact under the de novo standard. There's certainly a circuit split out there on this. There's no doubt. The First Circuit and a couple of others seem to say that on summary judgment, it's just a little different in the ERISA context, and we'll do that. And there's some who say the proper procedure is to apply if there are issues of material fact to deny summary judgment, to have a bench trial, and then to do the de novo review at the bench trial. But I've got to tell you, from my perspective, that seems to be the real issue in this case because I do think there are issues of material fact. But I want to let you convince me otherwise that there aren't. Can I just ask you a question? I need to rewind the tape a little bit because before we get into sort of how we would review the district court's sort of weighing of the evidence and making credibility determinations, I'm kind of hung up on the language of the policy. So the language of the policy says that they reserve the right to terminate benefits on the date the covered person fails to provide proof of continued disability, right? Proof being a capitalized defined term. And proof has been defined as evidence in support of a claim for benefits. So I don't understand yet, and maybe it'll be explained to me, I don't think I understand yet under the terms of the policy why there's any weighing at all. Why it isn't just as soon as you provide evidence in support of a claim for disability, that's proof. And I recognize there are sort of, there's this complicated clause about the includes but not limited to, these three things, and I'm not quite sure whether that is a conjunctive list or a disjunctive list or whatever. So there's got to be a certain form, but it seems to me that the policy is written such that if you provide proof defined to mean evidence in support, ballgame. Is that right? That's correct. That would be weird. That seems weird to me. So that seems weird to me. Like, should I be weirded out by that contractual provision? I would suggest, Your Honor, not be weirded out. So, well, I mean, I guess I'm telegraphing a concern I have for your adversary, because it just seems like if this policy, maybe it was written in a goofy way, but in this policy seems to be like an on-off toggle. Either there is evidence in support or there's not. And I just don't quite see under this policy how a district court should be weighing evidence one way or the other. Well, district courts traditionally do weigh evidence in this context. I agree that the policy should be weighed like that. With respect to policies, do they do it with respect to policies that read like this? I just don't know the universal policies. You've presumably litigated lots of different policies. But do they do it with policies that read this way?  to the insurance company to weigh evidence to determine whether evidence or proof is satisfactory or whether it's sufficient. And do we have that here? That would be super helpful. OK, interesting. There's absolutely no language to that effect in this policy. OK. Is that unique in your experience in litigating these things? It's unusual in my experience. I wouldn't go so far as to say unique. Most policies reserve some sort of right to the insurance company to make a determination of sufficiency or adequacy of proof or evidence. OK. But this one does not. Does the panel have any questions for me? Or may I launch into my spiel? Launch away. Thank you, Judge. The preponderance of the evidence standard, which the district court was required to apply and which this court is required to apply, simply means that there's a burden on the part of our client to present evidence that is more convincing than the evidence offered in opposition. And sorry, but just to follow up on my question, does the preponderance standard here apply to prove whether the person is disabled as a matter of fact or disabled pursuant to the terms of this policy? I'm not sure I understand the distinction. It definitely has to be within the meaning of the policy. The policy controls everything. Well, the reason I ask is that I think if we were to debate it, if the proper inquiry is we're going to debate whether this person is disabled as a matter of fact, then I understand why both sides put on a bunch of evidence about disability and the district court determines who wins. But if instead it's disabled pursuant to the terms of the policy, and the policy says you are disabled upon proof, meaning evidence in support of a claim for benefits, I just don't know that there is any room for debating the merits or demerits of one's disability as a matter of fact. There's no question under this court's precedent and every other court's precedent that the terms of the policy define disability. Disability has no meaning outside the terms of the policy. It means whatever the policy says it is. In this case, it means the inability to perform material duties of the claimant's own occupation. It's undisputed that Mr. Dunham's own occupation required him to be able to lift up to 50 pounds. He had other duties as well, but that's the duty that's at issue in this case. And with respect to that, there is ample probative evidence in the record that Mr. Dunham could not lift 50 pounds, and there is absolutely zero evidence, none whatsoever, that he could lift up to 50 pounds. In fact, there is not a smidgen or a speck of evidence that Mr. Dunham could lift even 20 pounds, let alone 50. The important evidence includes the FCE report. FCE reports are customarily and routinely relied upon in a risk of disability claim administration. They're relied upon by claim administrators such as Lincoln. They're relied upon by claimants such as Mr. Dunham. They have been for decades, and the findings in the FCE report are routinely presented by this Court and every other federal court in risk of disability cases. So let me ask you a question about the FCE report versus the RFCE report. So you refer to it as a FCE report. Your opposing counsel refers to it an RFCE report, and as I understand it, those are different reports. There is more information. It is a more comprehensive report if it is an FCE report as opposed to an RFCE report. How are we supposed to determine in this case which one we have before us? Well, the distinction between an FCE report and RFCE report is unique to the particular company or vendor that supplied the physical therapist who performed the FCE. That particular company, I forget the name, but they offer two kinds of FCEs. An RFCE, or a residual functional capacity evaluation, is an FCE. It's just a slightly more abbreviated type of FCE that's offered by this particular company. So it's really a distinction without a difference. They're both FCEs. One just takes longer and involves more testing. So how do we know which one it is in this case? Y'all are referring to it in different ways, the parties. In this case, the company that performed the FCE called it a residual functional capacity evaluation. The only difference, however, is that the residual functional capacity evaluation, which is geared toward disability determinations, is somewhat shorter and involves fewer testing. However, Your Honor, the only testing at issue in this case is the testing of Mr. Dunham's lifting capacity. The lower court and opposing counsel have made much of the differing durations of these two types of FCEs that this particular company offered. But the reality is, we're only concerned with Mr. Dunham's ability to lift. That could be done in five minutes. It makes no difference if the entire FCE and all the other things that were tested were three hours, six hours, or a week. But doesn't it matter if there's more data that's being collected as anybody? Let's forget about it, that it's your client. If somebody is testing somebody to determine their lifting ability, doesn't it matter if a lot of data is being gathered to guard against malingering? Is this person really trying? So you would look at heart rate, you would look at any number of different factors. And here, I know heart rate was mentioned, but it wasn't recorded. So at least the way I've been looking at it, and correct me if I'm wrong, it's the FCE that has more information gives courts the ability to look behind and say, okay, I see exactly what was going on here, whereas there seems to be an abbreviated testing going on here. Well, in the context of this particular company, I don't know what additional information might have been provided in a more expanded FCE, and I don't think that's in the record. However, the bottom line with respect to this FCE is that the physical therapist tested Mr. Dunham's lifting ability in a variety of ways. She monitored his heart rate at all times. And then reported that his, quote, his maximal lifting capacity was 10 to 15 pounds. Now, it's perfectly logical that if his heart rate readings had indicated inappropriate or inadequate effort, then the physical therapist would not have reported that 10 to 15 pounds was his maximum lifting capacity. But that's not exactly true, is it? Because if you're testing somebody and you notice their heart rate goes up, you're also going to need to exclude a lot of things. Has this person had a lot of caffeine this morning or no caffeine? Has this person only gotten one hour of sleep such that the heart rate is elevated? Is the person taking medications that cause the heart rate to be elevated? There's a lot of information that could contribute to an elevated heart rate such that the elevated heart rate alone is not enough information to determine if this person is truly trying to lift, right? Well, I don't know if any FCE reports the kind of information that you're talking about. But as I say, FCE reports are routinely credited by federal courts at all levels. And I would refer the court to the Holmstrom case from the Senate survey in which the claim administrator complained about a lack of sufficient data to physiological data to show effort and speculated that there might have been poor effort on the part of the claimant. And the Senate circuit rejected the claim administrator's argument and held that the claimant was entitled to rely on the professionalism of the FCE examiner. The Senate circuit noted that federal, excuse me, that FCEs are routinely utilized and credited and the FCE examiners and the physical therapists, you know, who conduct the FCEs are accustomed to looking for evidence of insufficient effort. And had insufficient effort been noted, it would have been in the report. The Seventh Circuit noted there was not the slightest evidence of malingering or insufficient effort on the part of the claimant and rejected the claim administrator's, quote, speculation, unquote, about poor effort. This case is very much like Holmstrom in that there is not a smidgen or a speck of evidence in the FCE report or anywhere else that Mr. Dunham was malingering or giving inadequate effort during the FCE or at any other time or any other place in the record. Hey, so I realize that I've held you past your time, but I've got one more question just continuing on my fixation with the definition of the term proof. So tell me if I've got the language right. And I guess, you know, Mr. Marcus, this is a question for you as well, at least from my perspective. So proof means the evidence in support of a claim for benefits, right? And then it says, and includes, but is not limited to the following three things, a completed and signed claim form, a completed and signed attending physician statement, or, no, no, no, sorry, and the provision by the attending physician of certain things, I'll just say. Is that list, that universe of things, it says included, that includes, but is not limited to the following, A, B, and C. Is that a conjunctive list? You have to provide all of those things or any of those things? I would say that is a disjunctive list because it says includes, but not limited to. So in your view, the includes, but not limited to sort of changes the and from an and to an or? Yes, sir. And does that mean, does that mean if it's disjunctive that you can win simply by filing a signed and completed claim form? Over. Nothing else. That's proof. And frankly, if we think the includes, but not limited to does any work at all, does that mean that you could win without a signed and completed claim form if you just put on a pink sticky note, I'm disabled, and hand it to the employer? Absent any evidence to the contrary, the language of the definition would support that. Now you see why I reckon, why I think this is a strange contract provision. Proof means the evidence in support of the claim for benefits and includes, but is not limited to the following. So in other words, proof simply means evidence admitted in support of a claim for benefits, whatever that may be, Your Honor. Yes. Including the pink sticky note with an assertion. That would be unusual, but yes, Your Honor. And one just record question. Is the claim form in this case signed? I couldn't answer that for you, Your Honor. I just don't know. OK. OK. All right. So I've held you way beyond your time. Do you guys have further questions? OK. Let's hear from your colleague. Mr. Marcus, I've made no secret of where my hang up is. So talk to me about the language of the policy. May I please report? My name is Lee Marcus, I represent Lincoln Life Assurance Company in Boston. And yes, Judge Newsom, you have clearly telegraphed where you want me to go. Well, just my just my confusion, frankly. Well, let me start by addressing that there are actually two provisions in the policy that talk about proof. There's one on page 18 of the administrative record and another on page 52. The definition that you've been referring to is the one on page 18. And you asked, well, does that mean that I can submit anything? And the answer is no, because the last thing after those numbered provisions is that proof must be submitted in a form or format satisfactory to Liberty. I'll note for the record that Lincoln Life Assurance Company of Boston is a successor to Liberty Life Assurance Company of Boston who actually issued this policy to the employer. On page 52, it again talks about proof and the requirement of submitting proof. And there it says it's satisfactory. Proof of loss must be given to Liberty no later than 30 days after the end of the elimination period. I'll skip B and go to C. Proof of continued loss, continued disability or partial disability when applicable and regular attendance of a physician must be given to Liberty within 30 days of the request of such proof. And again, it says Liberty reserves the right to determine if the covered person's proof of loss is satisfactory. And so in both provisions where it talks about proof, it requires that the proof be satisfactory to Lincoln. But it sounds like you don't really dispute that the contract controls sort of what proof is. And thus, this really wouldn't even under your interpretation of the contract that you have the sort of the unilateral right to determine whether or not the proof is satisfactory. It would never really devolve, would it, into a bench trial about weighing different parties' contentions about disability as a matter of fact? Well, it could because this is a de novo case where the trial court is tasked with making determinations anew. In other words, we're not bound by the determination of whether the proof of loss was satisfactory by the insurance company, by Lincoln. The trial court was not. Right. We and the trial court, the federal courts, are not bound by the satisfactory determination by the insurance company, right? That's correct. In a de novo review, the courts can determine on its own whether the proof is satisfactory. Right. Now, in furthering the discussion of the definition of proof on page 18, Judge Newsom, you asked about conjunctive or disjunctive. And is it good enough to submit a yellow sticky note or generally, as I have referred to this case, the RFCE report, which contains no objective criteria, contains no validity testing, it's no better than a note from Epstein's mother. But so is your contention, just to get my head squarely around the conjunctive, disjunctive issue, is your contention that the universe of forms, so to speak, including but not limited to A, B, and C, is conjunctive, you need to provide all of those three things? Well, for the definition on page 18, which you were referring to, where you have three numbered items, that is an inclusive list because it says number one, number two, and number three. So how does the includes but not limited to preface? Now, what that does is that address is only in number three, because in number three, it then talks about what you have to do, what you have to submit, in addition to the signed claim form and the attending physician statement, you have to also submit standard diagnosis, chart notes, lab findings, test results, x-rays, and more other forms of objective medical evidence in support of a claim. So there, the and or is relating to the remainder of that provision. So the includes but not limited to preface, although it's part of the general clause and doesn't purport to pertain only to sub three, you say somehow should be read only to pertain to sub three and not to the list as a whole? I just don't really understand. Well, the idea there is where it says that it includes but it is not limited to. That means that it does include these three items, which are connected by that and at the end of. Yeah, yeah, I get that much. The not limited to means that, well, you can submit more than this, but not less. Can the employer require that you submit more? If proof is evidence in support of a claim, and it's defined to mean includes but not limited to these three things, could the employer say, even if the employee comes forward with these three things, could the employer say, not good enough because it says includes but not limited to. There's more. Well, I think specifically as to paragraph three, there's really a question as to what type of objective medical evidence you can submit that may be satisfactory. So if, for example, the claimant does not submit diagnosis, notes, lab findings, test results, x-rays, or other forms of objective medical evidence, then the carrier can go back and say, all right, look, you haven't given us anything. Tell you what, we want you, say, in a cognitive issue case, we want you to give us neuropsych testing, which is not on the list, but it does fall within that other forms of objective medical evidence. But even neuropsych testing, there are validity standards, there's reliability standards. Is it objective? Not really. Can I ask you about my series of questions? Because, so let's say the proof is as you state, which is it has to be these three things, but it could be other things that could be submitted by the claimant. And so they're not limited by those three things, but those three things are required. The ultimate determination of whether it's satisfactory is first made by the insurance company, and then whether there's a lawsuit, it gets to the federal district court. So that's where we're at now. So here, the district court held, the way he did it, he did cross motions for summary judgment. The record was submitted by both sides, both the administrative record and stuff outside the administrative record. And the district court weighed and made a determination of whether he believed this was satisfactory, the proof of loss was satisfactory or not. In his view, it was not, because there was little to no weight to a lot of the evidence that was submitted by the claimant in the claimant's favor. That's what the district court did, right? Correct. How is that appropriated summary judgment where there are genuine issues of material fact? In this context, most of the circuits have weighed in on that question. And the 11th has danced around it a little bit about. I cite to the Mack case in my brief, where there is an acknowledgment of how the 1st and 9th circuits have treated this as a Rule 52 approach. And you recognize other circuits have done it other ways, right? Yes. I recognize that. I believe the district court recognized that. I believe that Judge Huck actually sat on an appellate panel on one of these cases. Have we not... Do you agree with me that the 11th Circuit has said, has A reversed summary judgments in the de novo review context where there have been genuine issues of material fact? Yes, the 11th Circuit has done that. Isn't that indicative then that we do apply the sort of traditional Rule 56 standards, even where there's de novo review, even in the Williams framework, at summary judgment? And then at bench trial, in other words, we align with not the 1st and the 9th, but the other circuits? Well, you can construe it that way, or you can look to the Mack case, where there is recognition that a Rule 56 motion is really just a vehicle for getting it submitted to the court, and a Rule 52 analysis applies. And the Mack panel actually said, this is a practical approach. This is a good way to do it. The court then made the determination that under Rule 56 or Rule 52, it didn't matter, but there was that preliminary discussion that the 1st and 9th treat these ERISA cases in a Rule 52 context. There is a weighing of the evidence, which, frankly, there has to be, where a judge is sitting as the trier of fact. And I agree with you there has to be that way, because there's always going to be some evidence on one side, some evidence, unless it's a pure legal issue, some evidence on the other side. Doesn't that tell us then that these things should not be decided at summary judgment? They should be decided by a trier of fact hearing both sides and making factual and credibility findings, which is exactly what happened here? Well, there is a recent case that I did not have the opportunity to submit a supplemental authority. It's out of the Southern District of Florida, citing an 11th Circuit case called Hill. And it talks about this concept. And in fact, in the Techman case out of the Fourth Circuit, it also discusses this, that if there is going to be a judgment granted under Rule 56, which is a much harder, stricter standard than Rule 52, then the presumption is that the court would have granted it under Rule 52 as well. It would have gone the same way, because there are no questions of fact on the summary judgment determination. OK, well, whether there's a question of fact or not, under Rule 52, we're going to look at how the evidence was weighed. And we're going to only address questions of fact under a clear error standard. But there would seem to have to be an agreement of the parties that we're going to treat this as a bench trial. We're not going to present any testimony. It's simply going to be on the record here. In other words, in a footnote, in one of our cases, we sort of said, that's a great way to do it, which is just get the parties to agree. We're only relying on the administrative record. We're not presenting anything else live, and just make findings based on that. I think if the parties had done that, I can understand that. But it seems to be where, and I appreciate you saying so, where our court, post Firestone, has reversed, where there are genuine issues of material fact and summary judgment on these de novo review ERISA cases. I don't see how we are not bound to do the same where we find genuine issues of material fact. And here, it would seem we have to under the district court's order. I mean, the whole concept of it is, we assign no weight to this, weight to this, and that's not what you do with summary judgment. So I'm just telling you that's what I'm struggling with. Not that you don't win at the end of the day, but just that I'm not sure this procedurally was the correct way to go about doing it. Well, I believe the district court actually took great pains to look at the evidence here. And I believe that a Rule 56 standard does apply here, that there are not genuine issues of material fact. Tell me why. Because here, the only information that was submitted in support of disability were the RFCE report and Dr. Bryan's opinions. And Dr. Dave's opinion as well. Well, yes, there's Dr. Dave's opinion, but I don't think there's any question that on its face, Dr. Dave's opinion is loaded to this three-month period. Sure, but I mean, there's certainly an inference. And again, we make inferences in the light most favorable to the non-moving party here. There's an inference to be made that if you cannot lift more than 10 pounds, which is I think what Dr. Dave said, I can't remember if it was 10 or 15, by December 15th, and you file a claim January 15th, a month later, that you can't suddenly have zero restrictions, which is what was ultimately found by the insurance company. I would not agree with that. Having had my cervical spine rebuilt, and just last year having my left shoulder, elbow, and bicep reconstructed. There's no doubt you get better. I got over a hill where within a period of about two weeks, I was able to go from zero to 60. And I believe that's what Dr. Dave's referred to in her report, is I can't really project out beyond three months. All right, so you have that. You have the treating physician who says he can't lift a certain amount. And I get that there's conflicts in there, and there's some issues with it, but that's what he says. And then you have either the RFC or the limited RFC, I'll call it, where there's an indication that there's limitations on what could be lifted, right? Yes, now on the face of the RFCE, again, in order for there to be reversal of a summary judgment there would have to be a finding that there is a genuine issue of material fact. And here, I believe that there is sufficient evidence on the face of the RFCE that it is not reliable, that there was no validity testing done other than grip strength and pinch strength, which, by the way, he failed. How can we say as a legal matter it's not reliable? As a medical matter, it may not be entitled to a ton of weight, but that just seems odd that we can say as a matter of law, this isn't genuine evidence from which a conflict can be determined. Well, this court has said in the Watts case that if a policy requires objective medical evidence, then it must be objective. And in fact, the Watts case says that it is implicit that if the burden of proof is with the claimant, it is implicit that there be objective evidence. Should it matter to me, as obviously it mattered to me when I was asking questions earlier about the difference between an RFCE and an FCE? Absolutely. OK. Absolutely. And did I hit upon the difference that the FCE is a more comprehensive, more thorough exam and the RFCE is a more abbreviated exam? Well, I would expand beyond that to say that according to the company that this physical therapist worked for, an RFCE is not just abbreviated, where they list in an FCE what it is. It talks about validity measures, reliability standards. There's no discussion of that on the RFCE. And in fact, those reliability standards and objective tests are not provided in that report. So would you agree with opposing counsel that the way we determine what was included in either an FCE or an RFCE would depend upon the company that performed the test? Well, what information you find in the report is going to depend upon what protocol was used. So you have to look to the company who's performing the test. You have to look to their website, their materials. Well, you don't have to, but it's helpful to. In this case, though, you can look at the face of the report and see, OK, were there objective tests performed? Were there objective observations, physiological changes? Now, Judge Branch, you asked about, OK, well, I think it was you. It might have been you, Judge. The heart rate question? Yes. If there's an increased heart rate, certainly there could be plenty of explanations for that. But that's why you take a baseline before you start the exam. And in this case, the only report of heart rate and respiration rate was the baseline, which tells us nothing, because that one indicator before the test begins could be representative of anything. Could be representative of health conditions, medications, caffeine, whatever it may be. Sleep. Sleep deprivation. Sleep. Did he take Adderall that morning? But when you continue with the test and the person starts lifting and walking and gripping and reaching, if there is an increase in respiratory rate, if there is an increase in blood flow, as measured by heart rate, those are objective measures of a change-demonstrating effort. And this isn't just me on physiology. This is the American Board of Orthopedic Physical Therapists. It's their best practices standards where they talk about the necessity of monitoring and recording these physiological changes. The trial court adopted that analysis, looked at those guidelines, and agreed. Can I ask you one more? Would you mind just reading back to me the provision about satisfactory to Lincoln at pages 18 and 52? Yes, sir. On page 18 of the administrative record. You want just the part about satisfactory? Yeah, just the satisfactory part. There it says, proof must be submitted in a form or format satisfactory to Liberty. Got it. OK. And then the 52? Page 52, it says Liberty deserves the right to determine if the covered person's proof of loss is satisfactory. Got it. So I guess I don't even need you to respond to this, but I'm still a little puzzled. If the criterion is not satisfactory, full stop, but satisfactory to Lincoln, why it is that a district court judge is receiving competing evidence about whether or not this person was or was not disabled. It just doesn't seem like a relevant criterion under the terms of this policy. Well, in most around the world. It's been on de novo review. Like, the question seemingly being litigated and adjudicated at this summary judgment hearing was like the wrong question. Maybe the question would have been, was this satisfactory to Lincoln? But not whether it was satisfactory in the abstract. Well, the cases talk about on de novo review is that the trial court is essentially substituting its judgment for that of the carrier. And so I believe there is a distinction there between the trial court's role and this court's role. The trial court sits in substitution. And that's why this court, unlike the Ninth Circuit and others, this court has said, if this is a de novo review, it's an open record. And there was- Without respect to the terms of the policy. Like, we don't care what the policy says. Right, because this circuit has also said in Watts and in Doyle versus Liberty Life that objective evidence is necessary. You can't just rely on subjective evidence. OK, that's helpful. I'm so sorry to have kept you over. So let's hear a rebuttal from Mr. Dawson, and then we'll be done. Thank you. Thank you. As opposing counsel just mentioned, precedent states that the district court substitutes its judgment for that of the claim administrator. As the cases we just filed in the more brief say, this court applies the same legal standards that the district court applied. In other words, this court makes its own independent review of the evidence and its own independent determination of whether Mr. Dunham was disabled within the meaning of the policy. Now, what the district court did in making its ruling was consider each piece of evidence submitted by the claimant in isolation and deem it not good enough. What I would respectfully suggest that this court do is, number one, consider the evidence submitted by the claimant together. In other words, we have consistent evidence of disability. First, the FCE, or RFCE if you prefer, in which the physical therapist stated unequivocally that his maximal lifting capacity was 10 to 15 pounds. The consistent opinions of his treating physician, who opined that he could not lift more than 10 pounds and that there was, quote, no way, unquote, that he could lift up to 50 pounds. As well as the opinion of Dr. Davis, the expert reviewer hired by Lincoln, who opined that he could not lift more than 10 pounds up until a date quite near the effective date of the disability benefit termination decision. And because the preponderance of the evidence is the standard here, I would also respectfully suggest that the court consider the evidence on the other side, namely the evidence that Mr. Dunham could lift 50 pounds. And that, your honors, is zero. There is not a speck or a smidgen of evidence in the record that Mr. Dunham could lift even 20 pounds or even one pound more than the physical therapist who tested his lifting ability said he could. That's all I have, your honor, unless you have questions for me. Thank you very much. That case is submitted, and the court is in recess.